```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 14-23204-Civ-KING
                              MAGISTRATE JUDGE P.A. WHITE
```

NAJIB MALIK,

      Plaintiff,

                                                  PRELIMINARY REPORT
vs.                                    OF MAGISTRATE JUDGE

WEXFORD HEALTH, etc., et al.,

      Defendants.
_____/

## I. Introduction

The plaintiff, Najib Malik, while confined at Everglades Correctional Institution, filed a pro se civil rights complaint pursuant to 42 U.S.C. §1983. (DE#1). Plaintiff has been previously granted leave to proceed *in forma pauperis*, with a debt being established for the $350.00 filing fee. (DE#7). Thus, Plaintiff is proceeding IFP and is subject to §1915(e)(2) screening.

It is only where a Plaintiff is not proceeding IFP, that his pleadings are not subject to the screening provision of 28 U.S.C. §1915(e)(2). See Farese v. Scherer, 342 F.3d 1223, 1228 (11th Cir. 2003) ("Logically, §1915(e) only applies to cases in which the plaintiff is proceeding IFP"); see also, Thompson v. Hicks, 213 Fed.Appx. 939, 942 (11th Cir. 2007)(citations omitted). Regardless whether the plaintiff is proceeding IFP or not, because Plaintiff is a prisoner seeking redress against governmental entities, employees, or officers, his pleadings are subject to screening under 28 U.S.C §1915A, which does not distinguish between IFP plaintiffs and non-IFP plaintiffs. See 28 U.S.C. §1915A; Thompson v. Hicks, 213 Fed.Appx. 939, 942 (11th Cir. 2007)(*per curiam*).

The case has been referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive motions. See 28 U.S.C. §636(b)(1)(B), (C); Fed.R.Civ.P. 72(b), S.D.Fla. Local Rule 1(f) governing Magistrate Judges, and S.D. Fla. Admin. Order 2003-19.

It is noted that pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)(*per curiam*), but the Court may review plaintiff's complaint and dismiss the complaint, or any part thereof, if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. See 28 U.S.C. §1915A.

This Cause is presently before the Court for initial screening of the Complaint (DE#1), pursuant to 28 U.S.C. §1915, because the plaintiff is proceeding *in forma pauperis*.

## II. Standard of Review

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

> Sec. 1915 Proceedings *in Forma Pauperis*
>
> *   *   *
>
> (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>
> *   *   *
>
> (B) the action or appeal –
>
> *   *   *

>   (i)  is frivolous or malicious;
>
>   (ii) fails to state a claim on which relief may be granted; or
>
>   (iii) seeks monetary relief from a defendant who is immune from such relief.

Because plaintiff was granted leave to proceed *in forma pauperis*, the Prison Litigation Reform Act requires that the court review all complaints against governmental officers and entities to determine whether the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §1915(A)(a), (b)(1), (b)(2).

In essence, §1915(A) is a screening process to be applied *sua sponte* and at any time during the proceedings. In reviewing the complaint, the court views all allegations as true. Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004). Complaints that lack any arguable basis in law or fact, nonetheless, may be dismissed. Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," Neitzke, 490 U.S. at 327; when the claims rely on factual allegations that are "clearly baseless," Denton v. Hernandez, 504 U.S. 25, 31 (1992); or, when it appears that the plaintiff has little or no chance of success. Bilal, 251 F.3d at 1349.

Dismissals for failure to state a claim are governed by the same standard as Fed.R.Civ.P. 12(b)(6).  Mitchell v. Farcass, 112

F.3d 1483, 1490 (11th Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Fed.R.Civ.P. 12(b)(6)"). Thus, a court may dismiss a complaint if the facts as pleaded do not state a claim for relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 560-61, 127 S.Ct. 1955, 1968-69, 167 L.Ed.2d 929 (2007)(abrogating Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). Additionally, the court may dismiss a case when the allegations in the complaint on their face demonstrate that an affirmative defense bars recovery of the claim. Marsh v. Butler County, Ala., 268 F.3d 1014, 1022 (11th Cir.2001).

In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Estelle v. Gamble, 429 U.S. 97, 106 (1979)(quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11 Cir. 1997).

To determine whether a complaint fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Bell

Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Second, the Court must determine whether the complaint states a plausible claim for relief. Id. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." The plaintiff is required to plead facts that show more than the "mere possibility of misconduct."  The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred.[1]

### III.   Facts Set Forth in the Complaint (DE#1)

The plaintiff sues Wexford Health Services, Inc. He also names the following four defendants employed at Everglades Correctional Institution ("Everglades CI"):  Dora Gaxiola, the Chief Health Officer ("CHO"); Oscar Ortega, the Medical Director; ARNP Maria Louissaint; and, Rick Rowe. These individuals are sued in their individual and official capacities. (DE#1:1).

Plaintiff alleges that since 1999, he has been suffering from Hepatitis-C, high blood pressure, and diabetes. (DE#1:3). Plaintiff, who claims to be of Arab descent, maintains he has been deliberately denied proper medical care and treatment because of his religious, Islamic beliefs. (DE#1:3-4). As a result, he claims

---

[1] The application of the Twombly standard was clarified in Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

to be continuously experiencing dizziness, bilateral edemas, excruciating pain, along with his unmanaged hypertension. (Id.:4). He also states it has been over a year since his last HDL-C examination, and maintains the four named defendants have ignored his serious medical needs by failing to conduct this testing. (Id.). Plaintiff maintains that Dr. Carl Balmir, who is not a party to this action and is no longer employed at the facility, along with defendants Gaxiola, Ortega, Louissiant, and Rowe ignored and/or continue to deliberately deny him proper medical treatment in order to save the state money by letting him die. (Id.:5).

He further alleges that exhibits attached to his complaint suggest that the named defendants have falsified documents. (Id.:5). However, no attachments to the complaint have been received or docketed by the court. See DE#1. Petitioner states that, in response to his numerous administrative grievances, he was informed that he was being currently monitored in the "chronic clinic," a fact he claims is wholly untrue. (Id.:6). Petitioner further claims that, in response to his grievances, the named defendants have threatened to place him in administrative confinement. (DE#1:6). He maintains that the Everglades CI staff routinely ignore an inmate's serious medical issues and then cover-up this fact. (Id.:6-7). Finally, plaintiff alleges that the four named defendants have violated Title II of the Americans with Disability Act of 1990 by ignoring plaintiff's physical impairments which substantially limits one or more major life activities, including exercise and religious prayers as mandated by the Islamic faith. (Id.:9).

Plaintiff seeks compensatory, punitive, and nominal damages.

IV. <u>Analysis</u>

1. <u>Deliberate Indifference Claim</u>. Plaintiff raises a deliberate indifference claim against Defendants Gaxiola, Ortega, Louissant, and Rowe arising from allegations that they are intentionally and maliciously denying him proper medical care and treatment for his Hepatitis-C, chronic diabetes, and hypertension, in an effort to reduce prison costs.

The Eighth Amendment prohibits any punishment which violates civilized standards of decency or "involve[s] the unnecessary and wanton infliction of pain." <u>Estelle v. Gamble</u>, 429 U.S. 97, 102-03 (1976) (quoting <u>Gregg v. Georgia</u>, 428 U.S. 153, 173(1976)); <u>see also</u> <u>Campbell v. Sikes</u>, 169 F.3d 1353, 1363 (11 Cir. 1999).[2] "However, not 'every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment.'" <u>McElligott v. Foley</u>, 182 F.3d 1248, 1254 (11 Cir. 1999) (citation omitted).

An Eighth Amendment claim contains both an objective and a subjective component. <u>Taylor v. Adams</u>, 221 F.3d 1254, 1257 (11 Cir. 2000); <u>Adams v. Poag</u>, 61 F.3d 1537, 1543 (11 Cir. 1995). First, a plaintiff must set forth evidence of an objectively serious medical need. <u>Taylor</u>, 221 F.3d at 1258; <u>Adams</u>, 61 F.3d at 1543. Second, a plaintiff must prove that the prison official acted with an attitude of "deliberate indifference" to that serious medical need. <u>Farmer</u>, 511 U.S. at 834; <u>McElligott</u>, 182 F.3d at 1254; <u>Campbell</u>, 169 F.3d at 1363. The objective component requires the plaintiff to demonstrate that he has been subjected to specific

---

[2] If the plaintiff was a pre-trial detainee at the time of the alleged violations, his rights are secured by the Fourteenth Amendment, <u>Hamm v DeKalb County</u>, 774 F.2d 567 (11 Cir. 1995).

deprivations that are so serious that they deny him "the minimal civilized measure of life's necessities." Rhodes v. Chapman, 452 U.S. 337, 347 (1981); see also Hudson v. McMillian, 503 U.S. 1, 8-9 (1992).

A serious medical need is considered "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Hill v. DeKalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11 Cir. 1994)(quotation marks and citation omitted). The subjective component requires the plaintiff to demonstrate that the prison officials acted wantonly, with deliberate indifference to the plaintiff's serious needs. See Farmer v. Brennan, 511 U.S. 825, 834 (1994); Wilson v. Seiter, 501 U.S. 294, 298-99 (1991). Deliberate indifference is the reckless disregard of a substantial risk of serious harm; mere negligence will not suffice. Id. at 835-36. Consequently, allegations of medical malpractice or negligent diagnosis and treatment fail to state an Eighth Amendment claim of cruel and unusual punishment. See Estelle, 429 U.S. at 106. The inadvertent or negligent failure to provide adequate medical care "cannot be said to constitute 'an unnecessary and wanton infliction of pain.'" Estelle, 429 U.S. at 105-06; Wilson, 501 U.S. at 298.

The Eleventh Circuit has provided guidance concerning the distinction between "deliberate indifference" and "mere negligence." For instance, "an official acts with deliberate indifference when he knows that an inmate is in serious need of medical care, but he fails or refuses to obtain medical treatment for the inmate." Lancaster v. Monroe County, 116 F.3d 1419, 1425 (11 Cir. 1997). Alternatively, "[e]ven where medical care is ultimately provided, a prison official may nonetheless act with

deliberate indifference by delaying the treatment of serious medical needs, even for a period of hours, though the reason for the delay and the nature of the medical need is relevant in determining what type of delay is constitutionally intolerable." McElligott, 182 F.3d at 1255. For example, a defendant who delays necessary treatment for non-medical reasons may exhibit deliberate indifference. Hill, 40 F.3d at 1190 n. 26; H.C. by Hewett v. Jarrard, 786 F.2d 1080, 1086 (11 Cir. 1986) (citing Ancata v. Prison Health Servs., Inc., 769 F.2d 700, 704 (11 Cir. 1985)).

Whether a delay in treatment was tolerable "depends on the nature of the medical need and the reason for the delay." Harris v. Coweta County, 21 F.3d 388, 393-94 (11 Cir. 1994); McElligott, 182 F.3d at 1255; see also Adams, 61 F.3d at 1544 ("Some delay . . . may be tolerable depending on the nature of the medical need and the reason for the delay."). For instance, delays of days or even hours in delivering necessary treatment may constitute deliberate indifference in some circumstances. See, e.g., Harris, 21 F.3d at 394; Brown v. Hughes, 894 F.2d 1533, 1538 (11 Cir. 1990). Of course, in these prior cases, the medical condition is so grave, and requires such immediate medical attention, that "[a] few hours' delay in receiving medical care for emergency needs such as broken bones and bleeding cuts may constitute deliberate indifference." Harris, 21 F.3d at 394; see, e.g., Brown, 894 F.2d at 1538 (approximate six-hour delay in medical treatment for "a serious and painful broken foot is sufficient to state a constitutional claim"). "Delayed treatment for injuries that are of a lesser degree . . . may also give rise to constitutional claims." Harris, 21 F.3d at 394.

    a. <u>Serious Medical Need</u>. For the purpose of this analysis, the plaintiff has sufficiently alleged that he has a

9

serious medical needs, to-wit, Hepatitis-C, requiring medical treatment. See Brown v. Johnston, 387 F.3d 1344, 1351 (11th Cir. 2004)(noting that hepatitis meets the established definition for a serious medical need). He also claims he has chronic diabetes and hypertension which he maintains is being untreated. At a minimum, Plaintiff has alleged serious medical needs requiring medical treatment.

   b.   Deliberate Indifference. Upon review of the factual allegations in the Complaint, the undersigned concludes that the plaintiff has minimally stated an arguable claim of deliberate indifference against Defendants Gaxiola, Ortega, Louissaint, and Rowe. He claims that these defendants have been deliberately indifferent to his medical conditions by failing to provide him proper medical care and treatment. In fact, he states no follow-up on his Hepatitis-C has been done for over a year, and his hypertension has been left untreated. He also claims they have ignored his repeated requests for treatment, threatening to place him in administrative confinement. At this juncture, plaintiff has stated a minimal claim of deliberate indifference as to the four named defendants in their individual capacity.

   2.   Retaliation Claim. Plaintiff alleges that the four named defendants have retaliated against him for filing grievances by threatening to place him in administrative confinement.

   "The First Amendment forbids prison officials from retaliating against prisoners for exercising the right of free speech." Farrow v. West, 320 F.3d 1235, 1248 (11th Cir. 2003). It is well established that an inmate exercises his First Amendment free speech rights when he complains about the conditions of his confinement. O'Bryant v. Finch, 637 F.3d 1207, (11th Cir.

2011)(citing Smith v. Mosley, 532 F.3d 1270, 1276 (11th Cir. 2008)). "However, it has been recognized that claims of retaliation are subject to abuse by prisoners." Id. (citation omitted). Thus, claims of retaliation by prisoners should be reviewed with "skepticism and particular care." Colon v. Coughlin, 58 F.3d 865, 872 (2d Cir. 1995).

To state a First Amendment claim for retaliation, the inmate must establish that: "(1) his speech was constitutionally protected; (2) the inmate suffered adverse action such that the [official's] allegedly retaliatory conduct would likely deter a person of ordinary firmness from engaging in such speech; and (3) there is a causal relationship between the retaliatory action ... and the protected speech...." Smith v. Mosley, 532 F.3d at 1276; see also, Lovette v. Paul, 442 Fed.Appx. 436, 437 (11th Cir. 2011). "To establish causation, the plaintiff must show that the defendant was subjectively motivated to discipline the plaintiff for exercising his First Amendment rights." Moton v. Cowart, 631 F.3d 1337, 1341 (11th Cir. 2011)(citing Mosley at 1278).

Here, plaintiff's retaliatory claim does not raise a right to relief against the four named defendants, Ortega, Louissaint, Gaxiola, and Rowe above the speculative level, because he cannot establish causation, the third and essential element to his retaliation claim. See Twombly, 550 U.S. 544, 555, (2007); see also e.g., Smith v. Fla. Dep't of Corr's, 375 Fed.Appx. 905 (11th Cir. 2010)(holding that state prisoner's conclusory and speculative allegations of a retaliatory motive in preparing disciplinary report based on his refusal to comply with an order to leave infirmary following a broken pelvis were insufficient to state a §1983 claim for First Amendment retaliation); Williams v. Brown, 347 Fed.Appx. 429 (11th Cir. 2009)(dismissing prisoner's retaliation

claims against two correctional officers as conclusory, where prisoner merely alleged that the two officers transferred him after prisoner filed grievances against a third officer, but failed to allege facts associating the two officers with a retaliatory motive arising from the grievances). Therefore, plaintiff's claim as it relates to these named defendants for retaliation should be dismissed.

   3.   <u>Title II ADA Claim</u>. Plaintiff claims he has been discriminated against by the four named defendants, Gaxiola, Ortega, Louissaint, and Rowe. He states he has several debilitating medical conditions which substantially impair his life activities, including his ability to exercise and participate in religious prayers as mandated by his Islamic faith.

   There is no individual liability under the ADA, and as such, any ADA claim against these defendants in their individual capacities should be dismissed. <u>See</u> 42 U.S.C. §12132. However, under the ADA, a plaintiff may establish discrimination by showing that a public entity refused to provide a reasonable accommodation for a disabled person. <u>See</u> 42 U.S.C.A. §12131(2); <u>Boyd v. Johnson</u>, No. 10-cv-701-MJR, 2011 WL 1196320, *6 (S.D.Ill. March 29, 2011). In addition to showing that he is a qualified individual with a disability, Plaintiff must show that he requested an accommodation or the need for one was obvious and the public entity failed to provide a reasonable accommodation. <u>See</u> <u>McCoy v. Texas Dept. of Criminal Justice</u>, No. C-05-370, 2006 WL 2331055, *7-9 (S.D.Tex. Aug.9, 2006). Here, plaintiff has not alleged sufficient facts that he requested accommodation from a public entity, like the FDOC. Thus, his ADA claim should be dismissed for failure to state a claim upon which relief can be granted.

4.   <u>Official Capacity Claims</u>. Plaintiff alleges that he is also suing Gaxiola, Ortega, Louissaint, and Rowe in their official capacities. A §1983 suit against the defendants in their official capacities is tantamount to a suit against the State, and thus the defendants would be immune from monetary damages based upon the Eleventh Amendment. <u>Gamble v. Fla. Dept. of Health and Rehabilitative Services</u>, 779 F.2d 1509, 1512-13 (11 Cir. 1986).

The allegations of the complaint, however, state a classic case of an official, acting outside the scope of his/her duties and in an arbitrary manner. <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 238 (1974). Under this construction of the complaint, this Court has jurisdiction over the four named defendants in their individual capacities. Moreover, a determination of whether the defendant may be entitled to qualified immunity cannot be determined at this juncture.

5.   <u>Claim for Punitive Damages</u>. Plaintiff seeks punitive damages against Gaxiola, Ortega, Louissaint, and Rowe. "[A] jury may be permitted to assess punitive damages in an action under §1983 when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." <u>Smith v. Wade</u>, 461 U.S. 30, 56 (1983). "While the <u>Smith</u> Court determined that it was unnecessary to show actual malice to qualify for a punitive award, ... its intent standard, at a minimum, required recklessness in its subjective form." <u>Kolstad v. American Dental Ass'n</u>, 527 U.S. 526 (1999). <u>Smith</u> refers to a "subjective consciousness" of a risk of injury or illegality and a "criminal indifference to civil obligations." <u>Smith</u>, 461 U.S. at 45-48 (quoting <u>Philadelphia, W. & B.R. Co. v. Quigley</u>, 62 U.S. 202, 214 (1858).

However, punitive damages are not recoverable against a municipality. See City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981). Therefore, a plaintiff may not maintain a claim for punitive damages against government officials in their official capacities under Section 1983. Young Apartments, Inc. v. Town of Jupiter, FL, 529 F.3d 1027, 1047 (11th Cir. 2008).

At this early juncture it cannot be determined whether punitive damages should be awarded against these Defendants. It is therefore recommended that the plaintiff's claim for punitive damages proceed against them, in their individual capacity.

6. Suit Against Wexford. Plaintiff lists Wexford as a defendant in the caption to his complaint. To state a claim under 42 U.S.C. §1983 against the Wexford, plaintiff must allege that some person, acting under color of state law, deprived plaintiff of "rights, privileges, or immunities secured by the Constitution and Laws of the United States." 42 U.S.C. §1983. Bannum, Inc. v. City of Ft. Lauderdale, 901 F.2d 989, 996-97 (11th Cir. 1990).

However, Wexford is due to be dismissed because a state prison's medical department is not a person or an entity subject to suit because it does not have legal existence. Spires v. Paul, 2011 WL 2604726 at *2 (S.D.Ga. June 7, 2011)(unpublished); Simrin v. Correctional Med. Servs., No. Civ. 05-2223 RBK, 2006 WL 469677, at *3-*4 (D.N.J.2006)(unpublished) (collecting cases holding that a prison medical staff is not a legal entity subject to suit); Merrell v. Dukes, No. 85-2556, 1985 WL 3566, at *1 (E.D.Pa. Nov. 5, 1985)(unpublished)(ruling that a prison medical staff is not a suable entity); cf. Murphy v. Clarke County Jail, CA, No. 09-0660-WS-C, 2010 WL 1487872, at * 2 (S.D.Ala. 2010)(unpublished)

(finding that the Clarke County Jail's nurses department and medical staff were not entities subject to being sued, nor are they are "persons" for §1983 purposes); <u>Bey v. Pennsylvania Dept. of Corrections</u>, 98 F.Supp.2d 650, 657 & n.21 (E.D.Pa. 2000) (dismissing the medical staff because it was a component of a state institution entitled to Eleventh Amendment immunity and, therefore, was not capable of being sued, and was not a "person" for §1983 purposes); <u>Johnson v. Sheahan</u>, 94 C 618, 1994 WL 494803, at *1 (N.D.Ill. Sept. 8, 1994) (unpublished) (holding that the jail medical staff is "neither a person or entity subject to suit because of the lack of a legal existence"). Therefore, defendant Wexford is not a proper party and should be dismissed from this action.

7. <u>Conspiracy to Falsify Reports/Records</u>. Plaintiff allges the four named defendants conspired to falsify reports and responses to grievances regarding treatment provided to plaintiff. Plaintiff states he was never seen by an endocrinologist on October 16, 2012, and is not being monitored in the chronic clinic, contrary to representations made by the named defendants in response to his grievances regarding the denial of proper medical care and treatment.

To state a section 1983 claim for conspiracy, a plaintiff must allege a conspiracy that resulted in the actual denial of some underlying constitutional rights. <u>Grider v. City of Auburn, Ala.</u>, 618 F.3d 1240, 1260 (11th Cir. 2010). The plaintiff must show that the parties "reached an understanding to deny the plaintiff his or her rights." <u>Id</u>. (quoting <u>Bendiburg v. Dempsey</u>, 909 F.2d 463, 468 (11th Cir. 1990)). Additionally, the plaintiff must establish that the conspiratorial acts impinge upon the federal right. <u>Bendiburg</u>, 909 F.2d at 468. To avoid dismissal on a motion to dismiss, the

plaintiff must make particularized allegations that a conspiracy exists. <u>Hansel v. All Gone Towing Co.</u>, 132 Fed.Appx. 308, 309 (11th Cir. 2005) (<u>citing</u> <u>GJR Invs., Inc. v. Cnty. of Escambia</u>, 132 F.3d 1359, 1370 (11th Cir. 1998)).

Here, Plaintiff's allegations are conclusory, and he provides nothing to support an actual conspiracy nor can this court discern from his pleading any evidence that indicates the named defendants entered into a conspiracy to deprive plaintiff of his constitutional rights. Accordingly, the court concludes that plaintiff's bare allegation of a conspiracy is insufficient to support a claim for relief in this 42 U.S.C. §1983 action and, as such, this claim warrants dismissal pursuant to the provisions of 28 U.S.C. §1915(e)(2)(B)(ii).

### III.   <u>Conclusion</u>

Based on the foregoing, it is recommended as follows:

1.   The claim(s) against Defendant Wexford be dismissed for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

2.   The Plaintiff's Eighth Amendment claim of deliberate indifference to a serious medical need against Defendants, Gaxiola, Ortega, Louissaint, and Rowe should proceed in their individual capacity, but to the extent plaintiff seeks to sue the defendants in their official capacity, that the official capacity claims as to these defendants be dismissed.

3.   That the punitive damages claim proceed as to Defendants, Gaxiola, Ortega, Louissaint, and Rowe, and be dismissed as to

Wexford.

    4.    That the conspiracy, retaliation, and ADA claims be dismissed for failure to state a claim upon which relief can be granted.

    5.    Notwithstanding the above recommendations, plaintiff should be permitted, if he so chooses, to file an amended complaint to cure the deficiencies, if possible, by a date certain. See <u>Allen v. Evans</u>, 2011 WL 1162386 at *3 (D. Del. Mar. 29, 2011)(finding that before dismissal of a complaint or claim for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §1915, the court must grant plaintiff leave to amend the complaint, unless amendment would be inequitable or futile)(*citing* <u>Grayson v. Mayview State Hospital</u>, 293 F.3d 103, 114 (3d Cir. 2002)). As one court previously instructed, the *pro se* plaintiff should be advised as follows:

> An amended complaint operates as a complete substitute (rather than a mere supplement to) the present complaint. In other words, an amended complaint supersedes the original in its entirety, making the original as if it never existed. Therefore, reference to a prior pleading or another document is unacceptable–once Plaintiff files an amended complaint, the original pleading or pleadings will no longer serve any function in this case. Therefore, in amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged....[The Amended Complaint] may not incorporate any part of the original complaint by reference, and it must be clearly labeled the "Amended Complaint" and must contain the same cause number as this case...In order to make a short and plain statement of claims against the defendants, [P]laintiff should include factual allegations that explain how each named defendant was involved in the denial of his rights.

See <u>Vasquez v. Pierce County Jail</u>, 2012 WL 1377098 at *5 (W.D. Wash. Apr. 18, 2012)(internal citation omitted). Plaintiff should

be reminded that for each separate allegation, the Amended Complaint should identify the specific defendant or defendants against whom the claim is brought and the constitutional or federal law the plaintiff contends was violated. It should also contain clear, specific factual allegations with respect to the conduct of each defendant that plaintiff contends violated his rights and the date on which the alleged conduct took place.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar plaintiff from a *de novo* determination by the district judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district judge except upon grounds of plain error or manifest injustice. See 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790,794 (1989); LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988); RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

Signed this 10th day of October, 2014.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Najib Malik, Pro Se
    DC#X41699
    Everglades Correctional Institution
    1599 S.W. 187 Avenue
    Miami, FL 33194ever

18