UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-cv-23204-KING

NAJIB MALIK,

    Plaintiff,

v.

WEXFORD HEALTH SERVICES, INC,
*et al.*

    Defendants.
_____/

## ORDER OF PARTIAL DISMISSAL

THIS CAUSE comes before the Court upon the Supplemental Screening Report of Magistrate Judge Patrick A. White ("R&R") (DE 16). In this § 1983 case, Plaintiff Najib Malik sues five governmental employees and officers for violating his constitutional rights by ignoring or failing to adequately treat his medical conditions. Judge White recommends the dismissal of some of Malik's claims while allowing others to proceed. Malik filed objections to the R&R (DE 17). For the reasons that follow, and except as modified herein, the Court approves and adopts the R&R as an Order of this Court.

### I.    Malik's Claims Against Defendant Daniel L. Conn

The R&R states that "Plaintiff sues the Defendant, Daniel L. Conn, CEO of Wexford, in his supervisory/official capacity . . . ." DE 16, at 8. Malik objects, stating that he seeks to sue Conn in both his official and individual capacity. DE 17, at 1. Indeed, Malik's Second Amended Complaint states that "Daniel L. Conn is sued in his official

and individual capacity." DE 15, at 3. This Court has reviewed Malik's Second Amended Complaint *de novo*. The factual allegations therein are clearly limited to Conn's role in his supervisory capacity. There are no factual allegations sufficient to state a claim against Conn in his individual capacity.

### II.   Malik's Official Capacity Claims Against Dora Gaxiola, Oscar Ortega, Maria Louissant, and Rick Rowe

Judge White concluded that Malik's claims against these Defendants in their official capacities should be dismissed. Malik objects, but only recites legal standards regarding deliberate indifference. He does not substantively rebut Judge White's findings of fact or conclusions of law.

### III.   Malik's Claim for Injunctive Relief

Judge White determined that Malik has not alleged sufficient facts to support his claim for injunctive relief. Malik focuses his objections to this portion of the R&R on Judge White's statement that "Plaintiff has since been transferred from Everglades CI. As a result, the claim for injunctive relief appears to have become moot." DE 16, at 17. Contrary to Malik's objections, Judge White did not conclude that Malik's claim had become moot. Judge White concluded only that it appeared so, *in addition to* expressly concluding that Malik did not allege sufficient facts supporting irreparable injury, a likelihood of success on the merits, that the alleged threats outweigh the harm to the administration of the prison system, or that granting the motion would not be adverse to the public interest. As to these elements of injunctive relief, Malik objects that "the irreparable harm is at immediately risk of plaintiff's left foot be amputate of the ongoing

2

lack of treatment maliciously and sadistically violation cause harm, of gangrene has set-in, and left foot second toe severe cut that is becoming a wound causing unbearable pain, and swelling of the whole leg as to one size . . . ." DE 17, at 3 (*sic*). These statements are troubling, but no such factual allegations appear in Malik's Second Amended Complaint (although it does mention "pain related to the deformities of his feets [sic]." In light of Malik's statements regarding gangrene and amputation, made for the first time in his objections to the R&R, the Court denies Malik's claim for injunctive relief without prejudice.

### IV.  Conclusion

Upon a *de novo* review of those portions of the R&R to which Malik objected, the Court concludes that Magistrate Judge Patrick A. White correctly applied the law and provided well-reasoned recommendations for dismissing some of Plaintiff's claims while allowing others to proceed.

Therefore, it is **ORDERED, ADJUDGED, and DECREED**:

1. Magistrate Judge Patrick A. White's Supplemental Screening Report **(DE 16)** be, and the same is, hereby **AFFIRMED** and **ADOPTED** as an **ORDER** of this Court, except as modified herein.

2. Plaintiff's Objections thereto **(DE 17)** are **OVERULLED**.

3. Plaintiff's claims against Defendant Conn in his individual capacity are **DISMISSED WITH PREJUDICE**. Plaintiff's claims against Conn in his supervisory capacity are not dismissed.

4. Plaintiff's Eighth Amendment claims of deliberate indifference to a serious medical need against Defendants Gaxiola, Ortega, Louissaint, and Rowe in their official capacities be, and the same are, hereby **DISMISSED WITH PREJUDICE**. Plaintiff's claims against them in their individual capacities are not dismissed.

5. Plaintiff's punitive damages claim against all Defendants is not dismissed.

6. Plaintiff's conspiracy and declaratory relief claims, be, and the same are, hereby **DISMISSED WITH PREJUDICE** as to all defendants.

7. Plaintiff's claim for injunctive relief be, and the same is, hereby **DISMISSED WITHOUT PREJUDICE**.

8. Plaintiff is hereby granted leave to renew his claim for injunctive relief, if he so chooses, within 30 days of the date of this Order.

**DONE and ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 6th day of April, 2015.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc: All Counsel of Record

Magistrate Judge Patrick A. White

Najib Malik, pro se
X41699
Santa Rosa Correctional Institution Annex
5850 East Milton Road
Milton, FL 32583